IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID WHITESIDE, | ) | CASE NO. 4:14CV3050 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DEPARTMENT OF VETERANS AFFAIRS, DEPARTMENT OF DEFENSE, and DEPARTMENT OF AIR FORCE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on March 7, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §1915(e).

I.  **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint against the Department of Veterans Affairs ("VA"), the "Department of Defen[s]e," and the "Department of Air Force." (Filing No. 1 at CM/ECF p. 1.) Many of Plaintiff's allegations are illegible, nonsensical, or both. The court will summarize only those allegations it can discern from the Complaint.

Plaintiff alleges the Department of Defense and the Department of Air Force "wrongfully denied [him] benefits," and also misrepresented Plaintiff's "top secret veterans discharge paperwork in order to hide what they did in the service resulting in lost compensation and health care." (*Id.* at CM/ECF p. 2.)

Plaintiff alleges the VA denied him proper medical care because he is a hermaphrodite. (*Id.* at CM/ECF p. 3.) Plaintiff does not explain what the VA did to deny him medical care or explain why he believes the VA is discriminating against him because he is a hermaphrodite. He does, however, set forth that "medications are failing him," and

"testosterone imbalances are . . . killing" him. (*Id.*) He also alleges that he has "cancer caused by high powered radar domes" and that the VA left his face lopsided. (*Id.* at CM/ECF pp. 3, 5.)

Based on these allegations, Plaintiff seeks injunctive relief in the form of "proper health care," for Defendants to "correct DD Form 214 to show accurately [his] service record," and for Defendants to "finish fixing [his] face." (*Id.* at CM/ECF p. 5.) Plaintiff also seeks "proper past compensation with interest." (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be

construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

### III. DISCUSSION OF CLAIMS

#### A. Discrimination Claim

The court has reviewed Plaintiff's claims of discrimination against the VA, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Here, Plaintiff's Complaint fails to meet minimal pleading standards. Plaintiff claims that the VA has denied him proper care because he is a hermaphrodite. However, Plaintiff does not explain what the VA has done or failed to do in regard to Plaintiff's medical treatment. He also does not explain why he believes the VA is discriminating against him because he is a hermaphrodite. In short, Plaintiff has not stated enough to give the VA fair notice of what his claims are and the grounds upon which they rest.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his

3

discrimination claims against the VA. *Plaintiff should be mindful to clearly explain what Defendant did to him, when Defendant did it, how Defendant's actions harmed him, and what specific legal rights Plaintiff believes Defendant violated.* If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his discrimination claims against the VA will be dismissed without prejudice and without further notice.

### B. Medical Malpractice Claim

Liberally construed, Plaintiff is attempting to bring a medical malpractice suit against the VA for treatment he received at VA hospitals in Omaha and Lincoln, Nebraska. (*See* Filing No. 1 at CM/ECF p. 4 ("Medical malpractice was at Omaha and Lincoln V.A. Hospital.").) The Federal Tort Claims Act waives the federal government's sovereign immunity for certain torts committed by government employees. 28 U.S.C. § 1346(b); *Demery v. U.S. Dept. of Interior*, 357 F.3d 830, 832 (8th Cir. 2004). Before a plaintiff may bring an action under the FTCA, he must first comply with the administrative claim requirement, which is a prerequisite to filing a claim under the FTCA. As set forth in 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Even with the most liberal construction, Plaintiff does not allege that he complied with the administrative requirements of the FTCA prior to filing this action. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and

4

Order to file an amended complaint that alleges compliance with the FTCA's administrative exhaustion requirement. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his FTCA claims against the VA will be dismissed without prejudice and without further notice.

### C.     Denial of Benefits Claim

Plaintiff alleges a wrongful denial of veterans' benefits against the Department of Defense and the Department of Air Force. Congress has charged the Veterans' Judicial Review Act of 1988 ("VJRA"), 38 U.S.C. § 511(a), with exclusive jurisdiction over the adjudication of veterans' benefits claims. See *Mehrkens v. Blank*, 556 F.3d 865, 870 (8th Cir. 2009). In *Mehrkens*, the court explained:

> In 1988, Congress enacted the VJRA [] to establish a framework for the adjudication of veterans' benefits claims. The process begins with the veteran filing a claim for benefits with a regional office of the Department of Veterans Affairs and includes several levels of appeal. The regional office decides all questions of law and fact as they relate to the claim. 38 U.S.C. § 511(a). If aggrieved, the claimant may then appeal to the Board of Veterans' Appeals (BVA). 38 U.S.C. § 7104. BVA decisions may be appealed to the Court of Appeals for Veterans Claims, to which Congress vested exclusive jurisdiction to review BVA decisions. 38 U.S.C. § 7252(a). Claimants may appeal unsatisfactory decisions of the Court of Appeals for Veterans Claims to the Federal Circuit, which has exclusive appellate jurisdiction over such matters. 38 U.S.C. § 7292. Finally, a claimant may appeal to the Supreme Court. 38 U.S.C. § 7291.

556 F.3d at 869.

Because the VJRA provides the exclusive process by which veterans may adjudicate claims relating to veterans' benefits, this court lacks subject matter jurisdiction over any claims raised by Plaintiff asserting the wrongful denial of benefits.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for wrongful denial of benefits are dismissed for lack of subject matter jurisdiction;

2. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his discrimination claims against the VA. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his discrimination claims against the VA will be dismissed without prejudice and without further notice;

3. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that alleges compliance with the FTCA's administrative exhaustion requirement. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his FTCA claims against the VA will be dismissed without prejudice and without further notice;

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on July 28, 2014;

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice; and

6. The court reserves the right to conduct further review of Plaintiff's claims pursuant to [28 U.S.C. § 1915(e)(2)](#) after he addresses the matters set forth in this Memorandum and Order.

DATED this 24th day of June, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.